BOUTALL, Judge.
This is an appeal by a plaintiff from an award of damages resulting from a battery, complaining that the award is insufficient.
As we view this case the basic issues between the parties are based upon credibility. At trial there was a direct conflict between the parties, one testifying that a battery took place and the other testifying that nothing more than a discussion took place. The trial judge obviously resolved this issue in favor of plaintiff, Inez Fernandez, by rendering judgment in her favor. We agree.
The facts show that Dorothy Meyers saw Inez Fernandez in a restaurant talking to Meyers’ fiance and mistook her for a rival known to her only as “Rose”. Accordingly Meyers waited outside the restaurant until Mrs. Fernandez emerged and then set upon her striking her about the shoulder and arm and kicking her in the right knee. As a result of this unprovoked attack, plaintiff sought treatment at the emergency room of St. Bernard General Hospital for her injuries. She continued her treatment under the care of Dr. Emile Bertucci. She was suffering from pain in the right shoulder, in the left arm, and the right knee. The doctor gave the following diagnosis regarding the plaintiff’s injuries. “Contusions to the posterior aspect of the right shoulder with subcutaneous hemorrhage, a contusion to the left arm with subcutaneous hemorrhage approximately four inches below the elbow, and a contusion of the lateral aspect of the right knee and also over the right patella.” He noted the swelling and accumulation of fluid in the area of the right knee, and limitation of motion there.
The trial court awarded $182.00 in medical bills and $650.00 in general damages for the injury, pain and suffering. Plaintiffs contest the general damage award as inadequate. The trial judge did not give any reasons for judgment so we are not able to tell with certainty upon what basis he reached that amount. During the trial, following objection to testimony concerning the ability of defendant to respond in judg *426 ment, the court ruled that such evidence was pertinent stating: “I think it is pertinent without any insurance company and if there is going to be a judgment against Mrs. Meyers I think it would be beneficial to the court to know what she has or doesn’t have because if she doesn’t have much the court can’t assess damages it would ordinarily assess.” Although the trial court is granted much discretion in awarding general damages under Civil Code Article 1934(3), in view of the injuries sustained and the defendant’s financial condition, we conclude that this award is an abuse of that discretion, caused by too stringent an application of the ability to pay rule. See for example Lawrence v. Hartsuck, 383 So.2d 453 (La.App. 4th Cir. 1980). The injuries here are not nearly as severe as those in Lawrence, but in each case we do have a defendant who committed a deliberate battery, and we have injuries which will persist over a long period of time.
The evidence reveals that the shoulder and arm injuries cleared up within two weeks without incident, but the knee injury was more severe and required treatments both by medication and physical therapy. The physical therapy continued until August 25, 1975 and the medication was continued until October 13,1975, at which time the doctor discharged her from treatment. He noted that there was still tenderness over the intrapatella ligament and that she had reached maximum improvement even though she was still somewhat symptomatic. He felt that she could continue to have pain and discomfort over that area for a considerable time in the future and that the exacerbation of pain was quite common with this type of injury. He gave her instructions as to how to care for such reoc-currences at home.
It was not until April 18, 1979 that Mrs. Fernandez returned to the doctor relating that she was still having problems with her right knee. She was unable to kneel for any length of time because the pressure caused pain and discomfort, and additionally motions such as stepping down from a curb or up from a curb caused a snapping sensation over the lateral aspect of the knee. The doctor attributed this snapping sensation to the ligament slipping over the edge of the knee joint, resulting from scar tissue in the ligament as a result of her injury. He noted that even though she had recently bumped her knee and some discoloration was present at the time of this examination, that the injuries reported above were due entirely to the original blow she received at the hands of Mrs. Meyers. The doctor noted that it was not unusual for such symptoms to persist over a long period of time but that it was consistent with the injuries she received and the symptoms would persist from time to time in the future. He again gave Mrs. Fernandez instructions how she could treat her knee at home when further pain occurred.
We are of the opinion that the award made by the trial judge was manifestly inadequate to compensate for these injuries which left a permanent residual problem. We find that this occurred as a result of an extreme application of the principle of inability to pay and results in effecting a gross injustice toward plaintiff. See Lacaze v. Horton, 100 So.2d 252 (La.App. 2d Cir. 1958). The defendant should not be relieved of her obligation of just compensation for injuries occurring as a result of the deliberate battery upon plaintiff.
We are mindful of the principles which regulate and limit the appellate court in its assessment of damages, requiring us to set damages at the lowest amount we find to be adequate. Accordingly, we fix damages at the sum of $2500.00.
For the foregoing reasons, we increase the award for general damages from the amount of $650.00 to the sum of $2500.00 and as thus amended we affirm the judgment. Cost of this appeal to be paid by appellee.

AMENDED AND AFFIRMED.